## COOPER *v.* LYNES *et al.*

Under the pleadings and the evidence, and the law applicable thereto, the court did not err in directing a verdict for the defendants.

No. 2626. MARCH 2, 1922.

Equitable petition. Before Judge Wright. Polk superior court. April 23, 1921.

This is a petition brought by J. J. Cooper against A. E. Wiggins, J. C. Lynes, W. A. Camp, and T. P. Lyon as sheriff. On the trial the following facts appeared from the evidence: On September 9, 1909, Wiggins sold to Hobbs for $350 a certain lot of land in Polk county, containing forty acres, taking from Hobbs five promissory notes for the purchase-price, one for fifty dollars, maturing October 1, 1911, and the others for $75 each, maturing on the first day of October of each of the next succeeding four years. Wiggins gave Hobbs a bond to make title upon the payment of the notes. Hobbs went into possession under the bond, and on December 13, 1910, transferred Wiggins's bond to Cooper, who then went into possession. Cooper did not agree to pay taxes on the land for the

year 1910. It did not appear what consideration Cooper paid for this transfer. On December 20, a general tax execution was issued against Hobbs for $5.24, for his State and county taxes for the year 1910, besides costs, which was levied on the land, which was sold by the sheriff on the first Tuesday in March, 1911 (the seventh day of the month), to Leonard for $17.05. On March 15, 1911, the sheriff executed to Leonard a deed in pursuance of the tax sale, and on the same date Leonard conveyed the land to Cooper, who had remained in possession of the same since the transfer to him by Hobbs of Wiggins's bond. Leonard never went into possession; and he testified, that, in purchasing the land at sheriff's sale, he acted for himself, paid his own money, and had no arrangement with Cooper to purchase it at the sheriff's sale; and that Carmichael asked him (Leonard) to purchase the land. He testified further: " I went to him [Cooper] and offered to make him a deed afterwards. I didn't offer to make him a deed; I sold it to him." After paying the taxes, $5.24, and the costs, out of the $17.05, which Leonard paid the sheriff on his bid at the tax sale, the balance, by the direction of Hobbs, was paid to Cooper.

On February 8, 1916, Wiggins sued Cooper for the land; and on the trial a nonsuit was granted. Wiggins transferred to Lynes the five notes which Hobbs had given for the purchase-price of the land, and at the time indorsed them, as did Camp. On September 14, 1917, Lynes brought suit on these notes against Hobbs as maker, and Wiggins and Camp as indorsers. Hobbs pleaded that the notes had been materially altered since he executed them, and without his knowledge or consent. Wiggins and Camp made no defense. On the trial, March 21, 1918, a verdict was rendered in favor of Hobbs, and a judgment against Wiggins and Camp, for the aggregate amount of the five notes. An execution issued upon this judgment was levied on the land in question, as the property of Wiggins. Cooper has remained in possession of the land since he took a transfer of Wiggins's bond for title. He did not testify on the trial.

At the conclusion of the evidence the judge ruled that he would direct a verdict for Cooper, if he would pay the purchase-money due on the land for which Lynes had obtained a judgment; and that a decree would be so molded as to protect Cooper in all respects as to his title to the land, and from any further liability in

respect of the same. Cooper, by his counsel, refused to make such payment; whereupon the judge directed a verdict for the defendants. Cooper moved for a new trial; the motion was overruled, and he excepted.

*Mundy & Watkins,* for plaintiff.

*H. A. Etheridge,* for defendants.

FISH, C. J. (After stating the foregoing facts.) Cooper in his petition alleged that the suit brought by Lynes against Hobbs, Wiggins, and Camp, was collusive, and that the verdict and judgment against Wiggins and Camp were obtained by fraud. On the trial there was not sufficient evidence to sustain such allegation. The suit by Wiggins against Cooper in which a nonsuit was granted is of no materiality in the case. It appeared on the trial that no part of the purchase-money for the land had ever been paid. In the circumstances set forth in the foregoing statement, Wiggins had such an interest in the land as was subject to the judgment obtained by Lynes against her on the purchase-money notes which she had indorsed. Cooper came into a court of equity asking affirmative relief, that is, that a sale of the land under a judgment on the purchase-money notes should be enjoined and the land decreed to belong to him. Before he could obtain such affirmative equitable relief he was bound to do equity, that is, to pay the purchase-price of the land. This he refused to do, on the trial.

In view of the evidence on the trial it did not appear that Cooper had a good title by prescription under color and seven years adverse possession of the land. Only one witness testified as to Cooper's possession, and his testimony was merely to the effect that Cooper had possession since he took a transfer of Wiggins's bond for title, and since Leonard's deed to him on March 21, 1911. The circumstances as to this tax sale by the sheriff, the purchase thereat by Leonard and conveyance by him to Cooper on the same day of the execution of the sheriff's deed to Leonard, the fact that Carmichael requested Leonard to purchase the land at the tax sale, the absence of any evidence as to the consideration of the conveyance by Leonard to Cooper and as to any consideration for the transfer by Hobbs to Cooper of Wiggins's bond, the possession by Cooper at the time of the levy of the tax execution and the sale of the land thereunder, and the payment by the sheriff to Cooper,

under the direction of Hobbs, of the balance of the amount paid by Leonard for the purchase of the land at the tax sale, clearly indicated a fraudulent scheme on the part of Cooper to obtain title to the land without the payment of any of the purchase-price. We accordingly hold that the court did not err in directing a verdict in favor of the defendants.

*Judgment affirmed. All the Justices concur.*